IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

DAVID A. HARPER, *pro se*, ]
                                    ] Case No. 4:13 CV 459 MW/CAS
    Plaintiff,                ]
v.                                    ]

THE FLORIDA BAR; JOANN MARIE STALCUP; THE FLORIDA SUPREME COURT; FLORIDA SUPREME COURT JUSTICE CHARLES T. CANADAY; FLORIDA SUPREME COURT JUSTICE BARBARA J. PARIENTE; FLORIDA SUPREME COURT JUSTICE R. FRED LEWIS; FLORIDA SUPREME COURT JUSTICE PEGGY QUINCE; FLORIDA SUPREME COURT JUSTICE RICKY POLSTON; FLORIDA SUPREME COURT JUSTICE JORGE LABARGA; FLORIDA SUPREME COURT JUSTICE JAMES E. C. PERRY; THE FLORIDA FIFTH DISTRICT COURT OF APPEAL SUSAN WRIGHT, CLERK OF THE FIFTH DISTRICT COURT OF APPEALS; SEMINOLE COUNTY CIRCUIT COURT; SEMINOLE CIRCUIT COURT JUDGE ALAN DICKEY; SEMINOLE CIRCUIT COURT JUDGE NANCY ALLEY; SEMINOLE CIRCUIT COURT JUDGE CLAYTON SIMMONS; BREVARD COUNTY CIRCUIT COURT JUDGE ROBERT WOHN, JR.; BREVARD COUNTY CIRCUIT COURT JUDGE GEORGE MAXWELL; INDIAN RIVER COUNTY JUDGE ROBERT HAWLEY; INDIAN RIVER COUNTY JUDGE ROBERT PEGG; MARTIN COUNTY JUDGE STEVEN LEVIN; UNITED SERVICES AUTOMOBILE ASSOCIATION, a.k.a USAA; JANICE BUCHMAN; JOHN PAPPAS; BUTLER PAPPAS WEIHMULLER KATZ CRAIG, LLP; JUDITH KINNEY; JEAN DUBINSKI; KELLY JO (HEISER) HEINZ; JAMES PARTLOW; SCLAFANI WILLIAMS COURT REPORTERS; ACCURATE COURT REPORTERS; RITA MOTT; RITA MEYER; FLORIDA HOSPITAL; DOCTOR LABIODA; DOCTOR OVERMEYER; DOCTOR CHANDHRAY; DOCTOR SHEPARD; and DOES 1 THROUGH 50.

    Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTIONAL STATEMENT

Jurisdiction of the Complaint in the United States District Court for the Northern District of Florida is predicated upon 42 U.S.C. Chapter 21, Subchapter I, Sections 1981, 1983 and 1985 (2) and (3); the Fourteenth Amendment; the United Constitution through the Fourteenth Amendment; and 18 U.S.C. Part 1. Chapter 63, Sections 1341 and 1343; 18

U.S.C. Chapter 73, Sections 1512 and 1513. The amount in controversy exceeds seventy-five thousand dollars exclusive of interest and costs.

## GENERAL ALLEGATIONS

1. Plaintiff David A. Harper, who brings this action *pro se*, is a citizen of Seminole County, Florida who represented Vera C. Harper on her behalf and as personal representative of her deceased husband's Estate in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) and who was deprived of his constitutional rights to life, liberty and property without due process of law and whose license to practice law in Florida and other states was unlawfully suspended, and continues to be unlawfully suspended, in order to deprive Vera Harper and her husband's estate of legal counsel in Florida and Virginia and to unlawfully and fraudulently deprive Vera Harper, her husband's estate, and the members of her household, including David A. Harper, of the contract benefits to which they were entitled, and to which they continue to be entitled, under a homeowner's insurance policy issued to Vera Harper and her (now deceased) husband, Wilson Clark Harper. by Defendant United Services Automobile Association, a.k.a. USAA (hereinafter "USAA").

2. At all times mentioned herein, Defendant The Florida Bar, was an agency of the Florida Supreme Court and the State of Florida which instigated and participated in the unlawful Florida Bar disciplinary proceedings against Plaintiff David Harper and which conspired with Defendants, Dickey, Alley, Kinney, Dubinsky, (Heiser) Heinz, Partlow, Levin, Hawley, Pegg, Mott and Meyers; the other defendants, and others who have not yet been identified and who are designated Does 1-50 in this Complaint, to wrongfully and unlawfully have Plaintiff David Harper suspended from the practice of law in Florida and in Virginia so as to deprive Vera Harper of legal counsel in Florida and Virginia, and which

2

made false allegations against David Harper knowing they were false and otherwise took action in the Florida Bar disciplinary proceedings filed against Plaintiff David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights, and who tampered with witnesses to hinder them from attending or testifying in an official proceeding, or attempted to do so; corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341 and 1343.

3. At all times mentioned herein, Defendant JoAnn Marie Stalcup, was Counsel for the Florida Bar who instigated and participated in the unlawful Florida Bar disciplinary proceedings against Plaintiff David Harper and who conspired with Defendants, Dickey, Alley, Kinney, Dubinsky, (Heiser) Heinz, Partlow, Levin, Hawley, Pegg, Mott and Meyers; the other defendants, and others who have not yet been identified and who are designated Does 1-50 in this Complaint, to wrongfully and unlawfully have Plaintiff David Harper suspended from the practice of law in Florida and in Virginia so as to deprive Plaintiff Vera Harper of legal counsel in Florida and Virginia, and who made false allegations against David Harper knowing they were false and otherwise took action in the Florida Bar disciplinary proceedings filed against Plaintiff David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering

with Plaintiff's civil rights and property rights, and who tampered with witnesses to hinder them from attending or testifying in an official proceeding, or attempted to do so; corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

    4.    At all times mentioned herein, Defendant Florida Supreme Court made rulings or took action or allowed others to take action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) and in the Bar disciplinary proceedings against David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and which acted to or attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants and which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

5.  At all times mentioned herein, Defendants Canaday, Pariente, Lewis, Quince, Polston, LaBarga and Perry made rulings or took action or allowed others to take action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) and in the Bar disciplinary proceedings against David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and which acted to or attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants and which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

6.  At all times mentioned herein, Defendant Florida Fifth District Court of Appeal made rulings and or otherwise took action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and which acted to or attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants.. and which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct

towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

7.     At all times mentioned herein, Defendant Susan Wright was the clerk of the Fifth District Court of Appeals who took action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and who acted in the case when he was disqualified to do so, and who attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendant USAA and its counsel.

8.     At all times mentioned herein, Defendant Seminole County Circuit Court made rulings or took action or allowed others to take action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and which acted to or attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants.. and which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official

proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

9. At all times mentioned herein, Defendants Dickey, Alley, and Simmons were Seminole Circuit Court judges and Defendant Perry was a Seminole Circuit Court judge who was appointed to the Florida supreme Court, on information and belief, citizens of Florida, who made rulings or otherwise took action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights , who acted in the case when they were disqualified to do so, and who attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendant USAA and its counsel. Judge Dickey also intentionally harassed Plaintiff and hindered him from attending or testifying in an official proceeding, or attempted to do so; corruptly altered and concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards Plaintiff with the intent to influence, delay, or prevent testimony in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1503, 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Sections 1341 and 1343.

10. At all times mentioned herein, Defendants Wohn and Maxwell were Brevard County Circuit Court Judges who made rulings or otherwise took action in the case Wilson C. Harper and Vera C. Harper filed in Seminole County Circuit Court (Case number 2005-CL- 401-15-W) in contravention of the applicable rules and law and for the purpose of

obstructing justice and unlawfully interfering with Plaintiff David A. Harper's civil rights and property rights and who acted in the case when they were disqualified to do so, and who attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendant USAA and its counsel.

11. At all times mentioned herein, Defendants Hawley and Pegg, were Indian River County Circuit Court Judges and Defendant Levin was a Martin County Circuit Court Judge who made rulings or otherwise took action in the Florida Bar disciplinary proceedings filed against Plaintiff David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights, and for the purpose of depriving Vera Harper of legal counsel, and who acted in the case when they were disqualified to do so, and who attempted to unlawfully influence the Bar proceedings to Plaintiff's detriment and for the benefit of USAA, the Florida Bar, and the other defefendants.

12. At all times mentioned herein, Defendants Buchman, Pappas and Butler, Papas Weihmuller Katz and Craig represented Defendant USAA and took action in the case filed by Wilson C. Harper and/or Vera C. Harper in Seminole County Circuit Court (Case No. 2005-CL-401-15-W) and in Fairfax County Circuit Court (Case Number 2005-1014), and in doing so, conspired with the Defendant Seminole County, Brevard County Judges corruptly altered documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C.

Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

13. At all times mentioned herein, Defendants Kinney, Dubinsky, (Heiser) Heinz, and Partlow conspired with Defendants Dickey, Alley, Stalcup and the Florida Bar wrongfully and unlawfully have Plaintiff David Harper suspended from the practice of law in Florida and in Virginia so as to deprive Vera Harper of legal counsel in Florida and Virginia, and who made false findings and otherwise acted unlawfully as grievance committee members in the unlawful Florida disciplinary proceedings against David Harper for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights, and who attempted to tamper with witnesses; corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

14. At all times mentioned herein, Defendants Sclafani Williams Court Reporters, Accurate Court Reporters Rita Mott, and Rita Meyer were court reporters who acted as court reporters in the various hearings in Plaintiff's underlying Florida cases and who participated in the falsifying of official documents for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights and which acted to or attempted to unlawfully influence the case to Plaintiff's detriment and to the benefit of Defendants and

which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343.

15.  At all times mentioned herein, Defendant Florida Hospital and Defendants Doctor Labioda, Doctor Overmeyer, Doctor Chandhray and Doctor Shepard who were responsible for the medical care of Wilson Harper while he was Hospitalized in Florida Hospital obstructed justice and unlawfully interfered with Plaintiffs' civil rights and property rights and which acted to or attempted to injure Wilson Harper and prevent him from being discharged from the hospital for the benefit of Defendants and which corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341and 1343 and conspired with and took action with the other defendants to interfere with Plaintiff's civil actions in Florida and have Plaintiff David Harper unlawfully suspended from the practice of law in order to deprive Vera Harper of

legal counsel and prevent her from pursuing her wrongful death claim against Florida Hospital and the Doctor Defendants.

16. All of the above named Defendants engaged and conspired together in an unlawful scheme to deprive Mr. and Mrs. Harper and David A. Harper of their property and their civil rights and knowingly took action to obstruct and delay Plaintiff and hinder his attempts to recover Vera Harper's property with the intention that, like her husband, Mrs. Harper will die before she can recover the property of which she has been illegally deprived, and such illegal and fraudulent concerted action deprived and continues to deprive Vera Harper of her property without due process of law and illegally interfere with Plaintiff David Harper's civil rights and/or business relations.

17. At all times relevant hereto, the above named Defendants acted by and through their agents, workmen, servants, employees, clerks and/or attorneys who were then and there acting within the course and scope of their employment, authority and agency, in furtherance of defendants' enterprises, businesses, organizations, or authority and otherwise on behalf of defendants.

18. At all times relevant hereto, the other defendants designated Does 1 through 50 conspired with Defendant the Florida Bar and Defendant USAA and/or each other in an unlawful scheme to deprive Mr. and Mrs. Harper and David A. Harper of their property and their civil rights and/or to interfere with their contractual rights and/or business relations. Plaintiff reserves the right to amend his complaint to designate additional claims. or additional plaintiffs if their rights have been affected by the matters alleged and to designate additional defendants as parties based on the extent of their involvement in the wrongful acts alleged herein.

COUNT I - VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW - TITLE 42 U.S.C. SECTIONS 1983 AND 1981, THE FOURTEENTH AMENDMENT, AND THE UNITED STATES CONSTITUTION THROUGH THE FOURTEENTH AMENDMENT

19. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 18 as if fully set out here.

20. 42 U.S.C. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purpose of this action, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

21. Section 1, of the 14th Amendment of the U.S. Constitution provides:

> All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of Citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.

22. 42 U.S.C. Section 1981 states as follows:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) Make and enforce contracts defined
For purposes of this section the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section, are protected against impairment by nongovernmental discrimination and impairment under color of State law.

23. The Fifth Amendment to the U. S. Constitution states:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual ser4vice in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use without just compensation.

24. The Sixth Amendment to the U.S. Constitution states:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law; and to be informed of the nature and cause of the accusations; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense.

25. The Seventh Amendment to the U.S. Constitution states:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact tried by a jury shall be otherwise re-examined in any Court of thev United States, than according to the rules of the common law.

26. The actions taken by the Defendants, as referenced above, were taken without legal authority and violated Plaintiff's civil rights under color of law, including his rights to due process and equal protection, and impaired Plaintiff's rights to represent Vera Harper and

to enforce the subject insurance contract and deprived Vera Harper, and the members of her household, of the enjoyment of all the benefits, privileges, terms and conditions of the contractual relationship under color of law, in violation of 42 U.S.C. Sections 1983 1981, Article 1, Section 10 of the United States Constitution, the 14th Amendment of the United States Constitution, and the United States Constitution through the 14th Amendment. Plaintiff seeks such relief to which he is entitled under the law including compensatory damages according to proof, punitive damages, his costs and other damages which this Court deems just and proper.

### COUNT II – CONSPIRACY TO VIOLATE CIVIL RIGHTS – TITLE 42 U.S.C. 1985 (2), (3), THE UNITED STATES CONSTITUTION AND THE UNITED STATES CONSTUTION THROUGH THE FOURTEENTH AMENDMENT

27. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 26 as if fully set out here.

28. The Florida Bar and the other defendants conspired together to violate plaintiff's civil rights without due process of law, in violation of Section 1985(3) of Title 42 of the United States Code, 42 U.S.C. Section 1985 (2) and (3).

29. Plaintiff David Harper is an attorney and a member of the class of attorneys who represent clients in states where they are licensed and as <u>pro hac vice</u> counsel in states where they are not licensed. Attorneys must rely on the integrity and impartiality of the local courts and judges. Defendants conspired to deprive Plaintiff David Harper of the protections afforded him in his personal capacity and in his professional/business capacity under the laws of Florida and the laws of the United States. Such a conspiracy constitutes a violation of 42 U.S.C. Section 1985 (2) and (3) and the 14th Amendment. Plaintiffs seek such relief to which they are entitled under the law.

## COUNT III - FRAUD

30. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 29 as if fully set out here.

At all times mentioned herein, defendants The Florida Bar and Stalcup sought to fraudulently and unlawfully have Plaintiff David Harper suspended from the practice of law in Florida and in Virginia so as to deprive Vera Harper of legal counsel in Florida and Virginia, and made false allegations against David Harper knowing they were false and otherwise took action in the Florida Bar disciplinary proceedings filed against Plaintiff David Harper in contravention of the applicable rules and law and for the purpose of obstructing justice and unlawfully interfering with Plaintiff's civil rights and property rights, and who tampered with witnesses to hinder them from attending or testifying in an official proceeding, or attempted to do so; corruptly altered or concealed documents, or attempted to do so, or caused another person to do so, with the intent to impair the document's integrity or availability for use in an official proceeding; knowingly engaged in misleading conduct towards another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding; and corruptly obstructed, influenced, and impeded official proceedings in violation of 18 U.S.C. Chapter 73, Sections 1512 and 1513 and used the wires and the U.S. Mails in violation 18 U.S.C. Chapter 63 Section 1341 and 1343.

## COUNT IV - PROCEEDING UNDER FLORIDA RACKATEER INFLUENCED AND CORRUPT ORGANIZITIONS ACT (R.I.C.O.)

31. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 30 as if fully set out here.

32. Defendant The Florida Bar is an "enterprise" and engaged in fraudulent activity involving interstate commerce and carrying on activities that affect interstate

commerce. Such activities in and affecting interstate commerce include, among other things, participating in reciprocal disciplinary proceedings in other states which were brought against David Harper based on the unlawful actions taken by the Florida Bar and its agents against Plaintiff David Harper in Florida.

33. Defendant The Florida Bar and other defendants devised a scheme and artifice to fraudulently and unlawfully deprive Plaintiff David Harper of his right to practice law and to deprive Vera Harper of her attorney's representation.

34. Defendant The Florida Bar, for the purpose of executing the said scheme and artifice used and caused to be used the mails and wires of the United States.

### COUNT V - VIOLATION OF THE FLORIDA UNFAIR INSURANCE TRADE PRACTICES ACT AND FAILURE TO PAY DAMAGES AFTER NOTICE UNDER FLORIDA STATUTES SECTION 624.155

35. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 34 as if fully set out here.

36. The Homeowners policy issued and delivered to Mr. and Mrs. Harper in Florida subject to the Florida Unfair Insurance Trade Practices Act, Florida Statutes Annotated sections 626.9521 et seq.; including but not limited to sections 626.9521; 626.9541; 626.9491; 626.9744 and Florida Statutes Annotated section 624.155

37. The representations made by Defendant USAA through its agents to Vera Harper and Wilson Clark Harper to the effect that the Water/Sewage Backup Endorsement of the Homeowners Policy did not provide coverage for the damage caused to the Property by the said water and sewage backup that occurred on or about February 22, 2003 were misrepresentations regarding insurance coverage made by an insurer or its agent to an insured and were an attempt by defendant USAA to gain an unfair advantage over its

insureds and place USAA's interests over that of its insured and constituted unfair insurance trade practices under the Florida Unfair Insurance Trade Practices Act including but not limited to section 626.9541(1)(i)(o) and (x) and section 624.155 Florida Statutes. Furthermore, USAA's misrepresentations, made through its agents, regarding the loss of use coverage under the policy, also was an attempt by Defendant USAA to gain an unfair advantage over its insureds and place USAA's interest over that of its insureds.

38. These deceptive acts and others, including but not limited to requiring Vera Harper and Wilson Clark Harper to litigate their claims in order to force them to incur attorneys fees they could not afford thereby forcing them to abandon their rightful claims, and requiring Vera Harper. Wilson Harper and David A. Harper to sign waivers, releases or confidentiality agreements in order to obtain the contract damages provided for under the policy, constituted unfair insurance trade practices under the Florida Unfair Insurance Trade Practices Act including but not limited to sections 624.9541(1)(i)(o) and (x) and section 624.155 Florida Statutes.

39. Although the notice requirements of Section 624.155 were met, in that the Florida Department of Financial Services and Defendant USAA were given 60 days written notice of the violations and other information required by the statute, on the forms provided by the department, and USAA has not paid the damages resulting from USAA's bad faith denial of coverage, breach of contract, and deceptive statements regarding coverage as provided by Florida Statutes Sections 624.155 and 624.9541(1)(i) within the statutory period as provided by the statute.

40. Under Florida's Unfair Insurance Trade Practices Act, persons suffering loss as a result of unfair insurance trade practices may bring an action to recover damages, together with reasonable attorneys fees.

41. Defendant USAA sought to unlawfully escape its obligations under Florida Statutes Sections 624.155 and 624.9541(1)(i) by wrongfully participating in the unlawful assignment of judges; the unlawful changes of venue. And the unlawful suspension of David Harper in order to ensure that Vera Harper would not prevail on her claims.

## COUNT VI - CIVIL CONSPIRACY

42. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 41 as if fully set out here.

43. Defendants conspired together with the intent to injure Plaintiff David Harper in his representation of Vera Harper and to deprive Vera Harper and her husband's estate of the contract benefits and other damages, including wrongful death damages to which they were entitled.

44. Defendants' unlawful conduct was done in pursuance of the conspiracy and Plaintiff David Harper and Vera Harper were damaged as a result of the acts performed in the conspiracy.

45. In committing these acts, defendants acted with malice toward plaintiff David Harper and plaintiff is entitled to recover exemplary or punitive damages in the sum of or in such amount as will sufficiently punish Defendants for their willful, malicious and fraudulent conduct and to serve as an example to prevent a repetition of such conduct in the future.

46. Plaintiff requests judgment against defendants and each of them jointly and severably for compensatory damages in an amount yet unknown, plus punitive damages, plus

plaintiff's costs, plus such other relief as to this Court may seem just and mete. Plaintiffs reserve the right to increase damages according to proof.

JURY DEMAND

Plaintiff's action herein is one in which a jury trial is authorized. Pursuant to F.R.C.P. Rule 38(b) Plaintiff demands trial by jury for all of the issues pled so triable.

WHEREFORE, the premises considered, the plaintiff prays for a judgment against the defendants in an amount not yet determined, together with costs, and for such other relief as may be just.

Signed this 15th day of August 2013.

David A. Harper, *pro se*
2674 Derbyshire Road
Maitland, FL. 32751
(719) 930-8162

19